Nat H. Hentel, J.
This matter was submitted for the court’s determination upon an agreed statement of facts. It is conceded that an underground pipe within the plaintiff’s residence building line, and under his front lawn froze on February 13, 1973, and that plaintiff, as a consequence, paid $855 to correct the situation. The plumber’s bill for repairs states: “ Answer[ed] emergency call found water main had frozen and cracked in lawn causing flood, when thawed. Dug up street. ’ ’ No question was raised with respect to the reasonableness of this bill.
Plaintiff sues defendant under a homeowner’s insurance policy issued to him which includes under coverage A 1 ‘ building equipment, fixtures and outdoor equipment all pertaining to the service of the premises ”. Further, coverage A includes insurance “ against all risks of physical loss to the property covered ”. Defendant denies liability under the policy’s “ Coinsurance Clause ” which states: “ When this Coinsurance Clause applies, this policy does not cover cost of * * * pipes * * * which are underground.” (Emphasis supplied.)
In contradistinction, the policy under its section II coverages, coverage E, reads: “ This Company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * property damage, to which this insurance applies caused by an occurrence. * * * 16. Freezing of plumbing * * * systems ’ ’. (Emphasis supplied.) An exclusion of plumbing leakage or overflow caused by freezing appearing in the policy is inappli *746 cable since it only applies when the building is ‘1 vacant or unoccupied. ’ ’ This was not the fact here.
The court finds from the tenor of the entire policy that this loss was covered under the policy. The underground pipe in question was part of “ outdoor equipment ” servicing the premises under coverage A, and was also part of the plumbing system of the premises specifically covered against freezing loss or damage in the policy’s most logical sense rather than a mere 1 ‘ pipe ’ ’ which defendant seeks to have this court narrowly so construe it under the “ Coinsurance Clause.” The court agrees with plaintiff’s contention that the underground pipe which connects the street water main to the interior plumbing system of the residence, thus serving the residence with its water supply, is indeed “ part and parcel of the plaintiff’s house plumbing system.” “ Without it, there is no plumbing system” plaintiff rightly contends.
The rules of construction that an insurance contract is strictly construed against the insurer as the drawer of the contract, and that any ambiguity contained in its provisions must be resolved in the insured’s favor are applicable here. (Magnolia-Broadway Corp. v. Fire Assn. of Philadelphia, 137 N. Y. S. 2d 918; Forman v. Home Ins. Co., 174 Misc. 478.)
Under these circumstances, the court holds that the ‘1 Coinsurance Clause ” does not afford a refuge and shield for defendant to disclaim its liability. Judgment accordingly for plaintiff in the sum of $855, plus interest from March 8, 1973, and the costs and disbursements of this proceeding.