■ GIZELA SZALKIEWICZ, Respondent, v STANISLAW SZALKIEWICZ, Appellant.—In a matrimonial action, defendant appeals (1) from an order of the Supreme Court, Queens County, dated October 27, 1976, which, *inter alia,* (a) granted plaintiff's motion to adjudge him in contempt, unless he paid $800 in arrears of child support, plus a counsel fee and (b) denied his cross motion to reduce child support payments and (2) as limited by his brief, from so much of a further order of the same court, dated January 18, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated October 27, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated January 18, 1977 reversed insofar as appealed from, without costs or disbursements, and action remitted to Special Term for a full evidentiary hearing and determination *de novo* as to the motion and cross motion. In our opinion, statements by each party that the other had misstated his or her income during the period when the arrears accumulated, raised a question of fact as to whether appellant's alleged nonpayment of child support "was calculated to, or actually did, defeat, impair * * * or prejudice [plaintiff's] rights" (see Judiciary Law, § 770). Such a finding is necessary to sustain an order of contempt. A hearing is required to determine this issue. Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.

■ HERBERT A. WEISSMAN et al., Respondents, v EMPLOYERS INSURANCE OF WAUSAU, Appellant, et al., Defendant.—In an action on an insurance policy, defendant Employers Insurance of Wausau appeals from an interlocutory judgment of the Supreme Court, Nassau County, entered June 9, 1977, which, after a trial limited to the issue of liability only, is in favor of plaintiffs, upon a directed verdict. Interlocutory judgment affirmed, with costs. On the record adduced at the trial, it was proper to hold that no issues of fact were raised to be submitted to the jury. The uncontradicted evidence established that the loss to the plaintiffs-respondents' property resulted from a loose coupling from an underground pipe which was part of the plaintiffs' plumbing system. There can be no reasonable dispute that the coincidental rainfall was not an efficient or significant contributory cause of the loss. The risk of water leakage was expressly insured against by paragraph 16 of the policy section entitled "Perils Insured Against". The lost property was properly held to come within "Coverage A" of the policy, which refers to building equipment, fixtures and outdoor equipment. While a retaining wall is abstractly structural in nature, in the context of the insurance policy, it is apparent that it should be included in "Coverage A". The policy includes retaining walls with such items as fences, awnings, patios, cesspools and septic tanks, after the more general term of outdoor equipment. In addition, loss of trees and shrubs are included in "Coverage A". These factors indicate that retaining walls were intended to be insured under "Coverage A". To the extent that there is some ambiguity on this issue, the policy should be liberally construed in favor of coverage (cf. *Miller v Continental Ins. Co.,* 40 NY2d 675; *Cantanucci v Reliance Ins. Co.,* 43 AD2d 622, affd 35 NY2d 890). Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.