OPINION OF THE COURT
Ira B. Harkavy, J.
You get what you pay for!
Plaintiff, Lillian Gellerman, commenced this action against Allstate Insurance Company to recover for damages sustained due to a broken water pipe. Plaintiff had purchased an Allstate standard homeowners’ insurance policy for a period commencing September 17, 1980, which was thereafter renewed for a period from September 19, 1981 through September 18, 1982.
On January 4, 1982, a pipe inside the wall of the second floor bathroom burst, causing water to flow through the second floor bathroom, first floor bathroom and the cellar. Plaintiff repaired the damage and filed a claim under the insurance policy for the cost of the repairs. Defendant denied coverage claiming that their standard homeowners’ policy does not reimburse the insured for water damage caused by leaking or broken plumbing. Defendant asserts that they do provide an insurance policy that covers for water damage from broken plumbing, which is sold at a higher premium.
*883 The standard homeowners’ policy purchased by plaintiff covers “direct losses to the property * * * except as limited or excluded in the policy covered by”:
1- fire or lightening
2- windstorm or hail
3- explosion
4- riot or civil commotion
5- aircraft
6- vehicles
7- smoke if the loss is sudden and accidental
8- vandalism and malicious mischief
9- glass breakage
10- theft or attempted theft
The policy in its exclusion section states:
“We do not cover loss or damage to the property described in the Dwelling Protection coverage and the Personal Property Protection coverage resulting directly or indirectly from Water damage, meaning:
“a) flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind:
“b) water which backs up through sewers or drains; or
“c) water below the surface of the ground.
“This includes water which exerts pressure on, or flows, seeps or leaks through any part of a dwelling, or other structure, sidewalk, driveway, or swimming pool.
“Direct loss that follows water damage and is caused by fire, explosion or theft is covered.”
The plaintiff contends that a water pipe exploded, resulting in water damage to the plaintiff’s house as shown by a crack in the water pipe 3 ¥2 inches to 4 inches long by Vs to ¥t inch wide. The insurance policy states that a direct loss that follows water damage and is caused by fire, explosion, or theft is reimbursable. Explosion is defined as a “sudden and rapid combustion, causing a violent expansion of the air and accompanied by a report or sound.” (10A Couch, Insurance 2d, § 42:61, p 197.)
*884 There is no evidence that an explosion, as defined above, took place. The burden of proof that an explosion took place is on the plaintiff. There was no sudden or rapid combustion, no violent expansion of air accompanied by a report or sound, all of which are proof of an explosion. The plaintiff has not met the burden of proving that an explosion has occurred and therefore may not collect from the defendant on this ground. (Goldner v Otsego Mut. Fire Ins. Co., 39 AD2d 440.)
It was not the intent of the parties that the insurer provide coverage for pipe breakage. The plaintiff testified in court that he could have purchased a more complete policy at an additional cost which would have provided the extra coverage for water damage stemming from a broken pipe. However, plaintiff did not purchase such a policy. The plaintiff, citing Darrow v Family Fund Soc. (116 NY 537), claims that the provisions of a contract of insurance will be strictly construed as against the insurer. However, there is no language in the plaintiff’s policy which, if read otherwise, would lead one to reasonably conclude that the plaintiff was covered for water damage as a result of a broken pipe, except when a pipe is broken by fire, explosion or theft. There being no ambiguity, the court cannot stretch the wording of the exclusionary clauses to hold the insurer liable because of water damage caused by a broken pipe which was not specifically excluded from policy coverage.
In Bienenstock v Federal Ins. Co. (75 Misc 2d 745), the homeowners’ policy specifically covered a plumbing system against freezing, loss or damage. The policy also covered building equipment, fixtures, and other equipment pertaining to the service of the premises. When the underground pipe within the plaintiff’s residence building line froze, the court determined that the underground pipe was part of the plumbing system which was covered by the policy.
In the Bienenstock case, there was some ambiguity in the wording and the policy itself was vague as to coverage. The court was therefore able to determine that when the underground pipe froze, the policy covered the event. However, nothing in the Allstate homeowners’ policy even suggests that the insured would be covered when a plumbing system broke.
*885 Ambiguities, if any, of an insurance contract must be strictly construed against the insurer, its author, but the court is not at liberty to construe policy having clear, unambiguous meaning in manner favorable to the insured. (Casden v Monarch Life Ins. Co., 48 Misc 2d 56.)
The policy herein speaks for itself. The court cannot write into the policy that which does not exist. The court cannot write in coverage for damage due to pipe breakage unless the parties so contracted.
The plaintiff got what she paid for. The court will not give her that which she has not contracted for.
Based upon a preponderance of the credible evidence, the court grants judgment in favor of the defendant against the plaintiff dismissing the complaint.