■ WILLIAM MONTGOMERY, III, Appellant, v PATRICK MINARCIN et al., Respondents. [667 NYS2d 438] —Carpinello, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 15, 1996 in Albany County, which granted defendants' motion to dismiss the complaint as time barred.

Plaintiff commenced a libel action against defendants in the US District Court for the Northern District of New York stemming from news reports aired on WNYT-News Channel 13 during October 1993 alleging corruption and drugs in the Warren County District Attorney's office while plaintiff was serving as the Warren County District Attorney. It is undisputed that the Federal action, commenced on October 24, 1994, was timely. However, because the requisite diversity did not exist for Federal jurisdiction, a stipulation was executed by the parties and filed on February 13, 1995 stating: "IT IS HEREBY STIPULATED AND AGREED that the above-entitled action be and the same hereby is *DISMISSED*, without prejudice, on the grounds that there is a lack of complete diversity between the parties."

Within weeks thereafter, plaintiff commenced the instant action asserting the same libel claims. Defendants moved to dismiss on the ground that the applicable Statute of Limitations had expired. Rejecting plaintiff's argument that the six-month toll provision in CPLR 205 (a) applied, Supreme Court granted defendants' motion and dismissed the complaint.

We reverse. CPLR 205 (a) operates to save an action that has been terminated for a reason unrelated to the merits (*see, Matter of Morris Investors v Commissioner of Fin. of City of N. Y.*, 69 NY2d 933, 936), including an action that has been terminated by means of a voluntary discontinuance pursuant to a stipulation which contains an express statement of intent to preserve the right to commence a new action under CPLR 205 (a) (*see, George v Mt. Sinai Hosp.*, 47 NY2d 170, 180). Inclusion of the phrase "without prejudice, on the grounds that there is a lack of complete diversity between the parties" in the stipulation dismissing the Federal action constitutes an "express statement" (*id.*, at 180) of intent that the action would be recommenced in another forum and the failure to insert an explicit reference to CPLR 205 (a) should not be fatal to recommencement.

Supreme Court's construction of the Court of Appeals' decision in *George v Mt. Sinai Hosp.* (*supra*) is unnecessarily technical and the result espoused by the court would "fritter[ ] away by [a] narrow construction" the broad and liberal purpose of the statute (*Gaines v City of New York*, 215 NY 533, 539; *see, Matter of Morris Investors v Commissioner of Fin. of City of N. Y.*, *supra*, at 935-936). Since plaintiff timely commenced the Federal action and recommenced the instant action within six months of the stipulation, we believe that Supreme Court erred in dismissing the complaint.

Mercure, J. P., Casey and Peters, JJ., concur.

Spain, J. (dissenting). I respectfully dissent. Although I agree with the majority that CPLR 205 (a) should be liberally construed in order that disputes may be decided upon their merits (*see*, *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [Kaye, J., dissenting]), we cannot create additions or exceptions which have not been expressly or impliedly included in the statute. In my view, the Court of Appeals' ruling in *George v Mt. Sinai Hosp.* (47 NY2d 170) is fatal to plaintiff's attempt to resurrect this cause of action after voluntarily discontinuing the earlier proceeding as the stipulation of the parties does not contain an express reservation of plaintiff's rights pursuant to CPLR 205 (a) (*id.*, at 180-181). Accordingly, I believe Supreme Court properly dismissed the complaint and would affirm its order.

Ordered that the order is reversed, on the law, with costs, and motion denied.