■ SUSHILA GARCIA, Respondent, v AMERICAN GENERAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [695 NYS2d 420] —In an action, in effect, to recover on a policy of insurance, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Mastro, J.), dated June 18, 1998, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated July 22, 1998, which is in favor of the plaintiff and against it in the principal sum of $100,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Whether or not a contract provision is ambiguous is a question of law to be resolved by a court (*see, e.g., Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191; *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554; *Kailasanathan v Mysorekar,* 234 AD2d 425). An answer to an ambiguous question on an application for insurance cannot be the basis of a claim of misrepresentation by the insurance company against its insured where, as here, a reasonable person in the insured's position could rationally have interpreted the question as he or she did (*see, e.g., Nadel v Manhattan Life Ins. Co.,* 211 AD2d 900; *see also, Berger v Manhattan Life Ins. Co.,* 805 F Supp 1097, 1104). This rule is in keeping with the general principle that an ambiguous contract term should be construed against the drafter (*see, Jacobson v Sassower,* 66 NY2d 991, 993; 22 NY Jur 2d, Contracts, § 259, at 321). It is well established that an insurance company is held to a strict standard when it is endeavoring to avoid payment on its policy because of answers to inquiries that it framed (*see, Dineen v General Acc. Ins. Co.,* 126 App Div 167; *see also, Japour v Ryan & Sons Agency,* 215 AD2d 817, 818-819).

The plaintiff's decedent answered in the affirmative the following question on his application for insurance: "In the last 90 days, has the Proposed Insured worked at least 17 1/2 hours each week performing all duties of his/her regular occupation at his/her regular place of employment? Normal vacation is a work day". During the period March 1 to March 5, 1993, within 90 days of the application, the plaintiff's decedent took two sick days and three vacation days. The insurer seeks to rescind the contract on the ground that the decedent actually was sick on all five days, and that his response to the above question constituted a material misrepresentation. However, the defendant's vice president and chief underwriter admitted at his deposition that an absence from work qualified as "a normal vacation day" if it was recorded as a vacation day on the employer's attendance log. Accordingly, the court properly granted summary judgment to the plaintiff upon its determination that the question was ambiguous and the decedent's answer was truthful under a reasonable construction thereof. Bracken, J. P., Friedmann, Goldstein and McGinity, JJ., concur.