■ DANIEL GESEGNET et al., Appellants, v LESLIE HYMAN et al., Respondents. [726 NYS2d 812] —Spain, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 25, 2000 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

In February 1998, plaintiffs commenced an action in the United States District Court for the Northern District of New York against defendants, all of whom are State Police, alleging violations of 42 USC § 1983 and setting forth State law claims

sounding in assault, battery, harassment and loss of consortium. The allegations arose out of a February 1997 traffic stop where plaintiff Daniel Gesegnet was cited for reckless driving in connection with the operation of his tractor trailer on Interstate 81 in the Town of Kirkwood, Broome County. In the Federal action, defendants moved for, *inter alia,* summary judgment on the Federal law claims. In July 1999, the District Court dismissed the complaint because plaintiffs' response to the motion failed to comply with a local District Court rule that a nonmoving party's response to a summary judgment motion must mirror the movant's statement of material facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. On this basis, the District Court deemed all of defendants' factual assertions as admitted and true and granted their motion for summary judgment. Plaintiffs moved for reconsideration of the dismissal and submitted an amended statement of material facts. In November 1999, in response to plaintiffs' motion, the District Court amended its prior judgment in a one sentence order, as follows: "The July 23, 1999 judgment in the above captioned matter is hereby amended to reflect dismissal without prejudice."

In April 2000, plaintiffs commenced this action in Supreme Court again alleging violations of 42 USC § 1983 and setting forth State law claims sounding in, *inter alia,* false arrest, malicious prosecution and intentional infliction of emotional distress. Defendants moved for summary judgment dismissing the complaint as untimely, noting the expiration of the six-month extension provided by CPLR 205 (a) for recommencing an action. Plaintiffs opposed the motion, contending that the six-month extension provided by CPLR 205 (a) did not commence running until the District Court issued its November 1999 amended judgment making the dismissal of the complaint "without prejudice" and, thus, their action was brought within the applicable Statute of Limitations. Supreme Court granted defendants' summary judgment motion and plaintiffs appeal.

Plaintiffs correctly contend that the District Court's November 1999 amended order changed its prior July 1999 judgment from an action which was not entitled to the benefits of CPLR 205 (a) to an action that could be recommenced pursuant to CPLR 205 (a) because the amendment characterized the earlier dismissal as "without prejudice." Initially, CPLR 205 (a) provides, in relevant part, as follows: "If an action is timely commenced and is terminated in any other manner than by * * * *a final judgment upon the merits,* the plaintiff * * * may commence a new action upon the same transaction or occur-

rence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (emphasis supplied). Ordinarily, a judgment or order entered on a motion for summary judgment constitutes a disposition on the merits and will be entitled to preclusive effect (*see*, *Bardi v Warren County Sheriff's Dept.*, 260 AD2d 763, 765; *see also*, *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 380). As such, an action finally determined in such a manner would not benefit from CPLR 205 (a).

Here, it is undisputed that the District Court's July 1999 dismissal of plaintiffs' complaint constituted a disposition on the merits (*see*, *Bardi v Warren County Sheriff's Dept.*, *supra*, at 765). In that decision, the District Court noted that plaintiffs failed to comply with a local District Court rule and, consequently, deemed all of defendants' allegations as admitted and true and granted defendants' motion for summary judgment. Essentially, plaintiffs' papers were without effect. Upon plaintiffs' motion for reconsideration, however, the court amended its prior judgment making the dismissal without prejudice. As a result, the dismissal was not a final judgment on the merits and, therefore, plaintiffs were afforded the six-month extension to recommence an action pursuant to CPLR 205 (a) (*see*, *Montgomery v Minarcin*, 245 AD2d 920, 921). Necessarily, the six-month extension began to run in November 1999, upon the District Court's new determination and order, and plaintiffs' recommencement of the instant action in Supreme Court in April 2000 was timely. Accordingly, Supreme Court erred in granting defendants' motion for summary judgment.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.