■ LORI J. HUDSON, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [809 NYS2d 124]—

In an action to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County

(Bellantoni, J.), entered October 1, 2004, as granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the cross motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages.

In this action, the plaintiff sought coverage under a homeowner's policy issued by the defendant carrier for a plumbing leak and resulting subsidence of the foundation walls and concrete floor of her home. The damage was caused when a water supply pipe burst and caused the surrounding gravel fill to wash away.

The defendant denied coverage on the ground that the subsidence was caused by water erosion below the surface of the ground, and was therefore precluded by several policy exclusions. Those exclusions provide, in relevant part, that "[w]e do not cover loss to the property . . . caused by . . . (4) [w]ater . . . on or below the surface of the ground, regardless of its source . . . (5) [e]arth movement of any type, including . . . subsidence [or] erosion . . . [or] (12) [c]ollapse." The plaintiff contends that because the pipe ran through gravel fill, it was not "below the surface of the ground," and that, in any event, another provision, exclusion number 15, conflicts with those invoked by the defendant, thereby creating an ambiguity that should be resolved in the plaintiff's favor.

As the plaintiff correctly contends, the pipe was not below the surface of the ground. The pipe entered the plaintiff's house through the foundation wall and ran through artificially created gravel material that filled the area above the ground and between the foundation walls and supported the concrete slab. Therefore, the exclusion for damage caused by water "below the surface of the ground" does not apply. Furthermore, because the damage was caused by the displacement of gravel fill, and not by the movement of the earth or by a structural collapse, those exclusions do not apply, either.

Furthermore, a conflict between several of the policy provisions creates a latent ambiguity that must be resolved in favor of the plaintiff. Exclusion number 15 provides that, "we do not cover loss consisting of or caused by any of the following; (15) (a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect, (b) mechanical breakdown . . . (d) rust or other corrosion," but also provides that, "[i]f any of (a) through (h) cause the sudden and accidental escape of

water . . . from a plumbing . . . system . . . we will cover the direct physical damage caused by the water."

Because the pipe that burst supplied water to the plaintiff's home, it was part of her plumbing system (*see Cantanucci v Reliance Ins. Co.,* 43 AD2d 622, 622-623 [1973], *affd* 35 NY2d 890 [1974]; *see also Weissman v Employers Ins. of Wausau,* 60 AD2d 855 [1978]; *Bienenstock v Federal Ins. Co.,* 75 Misc 2d 745 [1973]). Therefore, an ambiguity was created by the conflict between the provision of coverage for accidental escape of water from a plumbing system and the exclusions invoked by the defendant.

In order to give effect "to the well-settled principle that provisions of an insurance policy are to be harmonized and that ambiguities must be resolved in favor of the insured" (*Cantanucci v Reliance Ins. Co., supra* at 623; *see also Miller v Continental Ins. Co.,* 40 NY2d 675, 678 [1976]), we find that the exclusions do not negate the coverage for damage caused by the accidental escape of water from a plumbing system.

Accordingly, the defendant failed to establish, prima facie, that the policy did not cover the loss claimed, and therefore was not entitled to summary judgment dismissing the complaint (*see De Marinis v Tower Ins. Co. of N.Y.,* 6 AD3d 484, 487 [2004]). However, the plaintiff established a prima facie case that the policy did cover the loss claimed, and in response the defendant failed to raise a triable issue of fact (*see Novick v United Servs. Auto. Assn.,* 225 AD2d 676, 677 [1996]). Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.