■ In the Matter of the Estate of CARYL F. WALTER, Deceased. JAY C. WALTER, Appellant; EVERETT SCOTT WALTER, Respondent, et al., Respondent. [814 NYS2d 685]—

In a proceeding pursuant to SCPA 2103, inter alia, to disclose and recover certain assets alleged to be a part of the decedent's estate, the petitioner appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated April 20, 2005, which granted the motion of Everett Scott Walter to dismiss the proceeding insofar as asserted against him as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the petition is reinstated insofar as asserted against Everett Scott Walter.

The respondent Everett Scott Walter moved to dismiss the petition insofar as asserted against him as time-barred. The petitioner, Jay C. Walter, as executor of the will of Caryl F. Walter, argued that the proceeding was timely pursuant to the tolling provisions of CPLR 205 (a) because it was commenced less than six months after the discontinuance without prejudice of a timely prior federal action arising from the same series of transactions and occurrences. The Surrogate's Court granted the motion on the ground that CPLR 205 (a) did not apply. We reverse.

At the time of the discontinuance of the prior federal action, the parties sufficiently expressed their intent that the discontinuance was not on the merits, that it was without prejudice, and that consequently, the commencement of a new action within six months pursuant to CPLR 205 (a) was permitted (*see George v Mt. Sinai Hosp.*, 47 NY2d 170 [1979]; *Bailey v Brookdale Univ. Hosp. & Med. Ctr.*, 292 AD2d 328 [2002]; *Montgomery v Minarcin*, 245 AD2d 920 [1997]; *see also United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498 [1979]). Thus, the Surrogate's Court should not have granted the motion to dismiss the petition insofar as asserted against the respondent Everett Scott Walter as untimely due to the absence of the toll afforded by CPLR 205 (a).

In light of our determination, we do not reach the petitioner's remaining contentions. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.