■ BREAD & BUTTER, LLC, Doing Business as BK SWEENEY's, Respondent, v CERTAIN UNDERWRITERS AT LLOYD's, LONDON, Appellant. [913 NYS2d 246]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered April 10, 2009, as denied those branches of its cross motion which were for summary judgment dismissing the cause of action to recover damages based upon the plaintiff's improvements and betterments claim and for summary judgment dismissing the complaint based upon the plaintiff's failure to comply with the limitation period set forth in the subject contract of insurance.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2000, the plaintiff purchased the subject restaurant from the prior owner. In December 2005, there was a fire at the premises. Thereafter, the plaintiff made a claim for insurance coverage for the loss of improvements and betterments to the premises which it claimed it purchased from the prior owner of the restaurant. The plaintiff claimed that, pursuant to the terms of the commercial lease, which it had assumed, those improvements never became the property of the landlord who owned the real property. However, the defendant insurer denied the plaintiff's improvements and betterments claim on the basis, inter alia, that the plaintiff had neither made nor acquired the improvements as required to obtain coverage under the policy.

The plaintiff timely brought an action in federal court, but, upon receipt of documents demonstrating a lack of complete diversity, stipulated to a discontinuance of the action without prejudice. It then commenced suit in state court, whereupon the defendant asserted the defense that, pursuant to the terms of the subject insurance contract, the action was untimely. The Supreme Court denied those branches of the defendant's cross motion which were for summary judgment dismissing the plaintiff's improvements and betterments claim and for summary judgment dismissing the complaint based upon the plaintiff's failure to comply with the limitation period set forth in the subject insurance contract. We affirm.

At the time of the discontinuance of the federal action, the parties sufficiently expressed their intent that the discontinuance was not on the merits, that it was without prejudice, and that consequently, the commencement of a new action within six months pursuant to CPLR 205 (a) was permitted (*see George v Mt. Sinai Hosp.*, 47 NY2d 170, 180-181 [1979]; *Matter of Walter*, 29 AD3d 598, 599 [2006]; *Bailey v Brookdale Univ. Hosp. & Med. Ctr.*, 292 AD2d 328, 329 [2002]). Accordingly, the Supreme Court correctly determined that the plaintiff's state court action was not untimely under the terms of the insurance contract.

In a dispute over insurance coverage, the insured bears the initial burden of establishing that the loss claimed falls within the scope of the policy (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 220 [2002]). "Once coverage is established, the insurer bears the burden of proving that an exclusion applies" (*id.*). However, as the moving party with respect to the cross motion for summary judgment, the defendant had the burden of establishing its prima facie entitlement to judgment as a matter of law (*see Lancer Ins. Co. v Whitfield*, 61 AD3d 724, 725 [2009]).

Viewing the facts in the light most favorable to the plaintiff (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the defendant failed to demonstrate either that the improvements and betterments at issue were not installed by the plaintiff's predecessor but by the landlord or a previous tenant, or, that, to the extent that the improvements and betterments were owned by the plaintiff's predecessor, they were not included in the sale of the business's assets. Consequently, the defendant failed to make a prima facie showing sufficient to shift the burden to the plaintiff (*see Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 321 [2009]). Likewise, the defendant failed to demonstrate that the plaintiff's failure to provide certain requested documents constituted a "material breach" of the policy requirements or was "unexcused and willful" and thus that it was entitled to deny coverage based upon the policy exclusion for noncooperation with the defendant's investigation of the claim (*Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov*, 41 AD3d 603, 604 [2007]; *see also High Fashions Hair Cutters v Commercial Union Ins. Co.*, 145 AD2d 465, 466 [1988]).

In light of the foregoing, we need not reach the parties' remaining contentions. Covello, J.P., Leventhal, Hall and Roman, JJ., concur.