In an action for a judgment declaring that the defendant Utica First Insurance Company is obligated to provide insurance coverage to the plaintiff, the defendant Utica First Insurance *783 Company appeals from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated September 28, 2011, as denied that branch of its motion which was for summary judgment declaring that it has no obligation to provide insurance coverage to the plaintiff.
Ordered that the order is affirmed insofar as appealed from, with costs.
In a dispute over insurance coverage, the insured bears the initial burden of establishing that the loss claimed falls within the scope of the policy (see Bread & Butter, LLC v Certain Underwriters at Lloyd’s, London, 78 AD3d 1099, 1101 [2010]). “Once coverage is established, the insurer bears the burden of proving that an exclusion applies” (id. at 1101 [internal quotation marks omitted]).
As the party moving for summary judgment, the appellant had the burden of establishing its prima facie entitlement to judgment as a matter of law (see id.). As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent’s proof, but must affirmatively demonstrate the merit of its claim or defense (see Dalton v Educational Testing Serv., 294 AD2d 462, 463 [2002]).
“ ‘As with the construction of contracts generally, “unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court” ’ ” (Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671 [2010], quoting Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177 [2008]; see White v Continental Cas. Co., 9 NY3d 264, 267 [2007]). “[I]n construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement . . . An insurance contract should not be read so that some provisions are rendered meaningless” (Shah v Cambridge Mut. Fire Ins. Co., 304 AD2d 815, 816 [2003] [internal quotation marks omitted]; see Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d at 671).
Here, the subject insurance policy provided that the appellant would pay “to extract pollutants from land or water at the described premises if the discharge, dispersal, seepage, migration, release, or escape of the pollutants [was] caused by a peril [that had been] added to coverage.” The “Systems Breakdown” endorsement of the policy stated that coverage would be provided for the additional peril of “Mechanical breakdown, including rupture or bursting caused by centrifugal force.” The *784 plaintiff claimed coverage under this endorsement following the release of gasoline at the insured premises.
Contrary to the plaintiff’s contention, the language of the policy requires a showing not only that there was a leak in the underground storage tank, but also that the leak was caused by a mechanical breakdown. Nevertheless, the appellant failed to carry its burden of demonstrating, prima facie, its entitlement to judgment as a matter of law. The expert evidence submitted by the appellant in support of its motion was conclusory and failed to show that the leak was not caused by a mechanical breakdown. Viewing the facts in the light most favorable to the plaintiff, the appellant failed to make a prima facie showing sufficient to shift the burden to the plaintiff (see Bread & Butter; LLC v Certain Underwriters at Lloyd’s, London, 78 AD3d at 1101; Hudson v Allstate Ins. Co., 25 AD3d 654 [2006]; see also City of Burlington v Indemnity Ins. Co. of N. Am., 332 F3d 38, 41 [2d Cir 2003]). Accordingly, the Supreme Court properly denied that branch of the appellant’s motion which was for summary judgment declaring that it has no obligation to provide insurance coverage to the plaintiff.
The Supreme Court did not determine that branch of the appellant’s motion which was, in effect, in the alternative, for summary judgment determining that the amount of coverage available to the plaintiff pursuant to the subject insurance policy is limited to $100,000. Accordingly, we do not address the appellant’s contentions regarding that issue, as that branch of the appellant’s motion remains pending and undecided (see Cordova v 360 Park Ave. S. Assoc., 33 AD3d 750, 751-752 [2006]; Katz v Katz, 68 AD2d 536, 542 [1979]). Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.