■ IPA ASSET MANAGEMENT, LLC, et al., Respondents, v CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Appellant, and A. BRS PLANNING & BROKERAGE, INC., Respondent. [39 NYS3d 198]—

In an action, inter alia, for the reformation of an insurance policy, the defendant Certain Underwriters at Lloyd's London appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered December 3, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs-respondents and the defendant-respondent appearing separately and filing separate briefs.

On May 7, 2010, real property located in Pleasant Valley that was partially owned by the plaintiffs was damaged in a fire. On May 17, 2010, the plaintiffs provided notice of the loss to their insurer, the defendant Certain Underwriters of Lloyd's London (hereinafter the appellant). In a letter dated August 10, 2011, the appellant disclaimed coverage on the grounds that the property was not insured at the time of the loss and was not owned by the plaintiffs. The appellant explained in the letter that the property was not listed on the policy schedule at the time of the loss and that it was improperly added to the policy schedule subsequent to the fire, at which time it was misrepresented as a newly acquired property as of April 26, 2010. Thereafter, the plaintiffs commenced this action against the appellant, and others, inter alia, for the reformation of the insurance policy. The plaintiffs alleged that, should it be determined that the property was not listed on the policy, or that the plaintiffs were not named as insureds on the policy, that it was by mutual mistake or inadvertence. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court denied the motion.

Here, contrary to the appellant's contention, the evidence established that, by an endorsement dated June 15, 2010, the property was added to the policy retroactive to April 26, 2010, pursuant to the newly acquired or constructed property provision of the policy, which provided automatic coverage for certain newly acquired properties. Accordingly, to establish its prima facie entitlement to judgment as a matter of law, the appellant had the burden of demonstrating that an exclusion applied (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 220 [2002]; *Bread & Butter, LLC v Certain Underwriters at Lloyd's, London*, 78 AD3d 1099, 1101 [2010]) or that it was entitled to rescind the policy based upon a material misrepresentation (*see James v Tower Ins. Co. of N.Y.*, 112 AD3d 786, 787 [2013]; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]). The appellant did not contend that a policy exclusion applied.

To establish its right to rescind an insurance policy, an insurer must show that the insured made a material misrepresentation (*see Morales v Castlepoint Ins. Co.*, 125 AD3d 947, 948 [2015]; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657, 657 [2014]; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepre-

sented" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d at 714). " 'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show it would not have issued the same policy if the correct information had been disclosed in the application' " (*Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856, quoting *Schirmer v Penkert*, 41 AD3d 688, 690-691 [2007]; *see* Insurance Law § 3105 [c]). However, "[c]onclusory statements by insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law" (*Schirmer v Penkert*, 41 AD3d at 691; *see Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330, 1331 [2011]).

Here, the appellant failed to establish, prima facie, that the plaintiffs made a material misrepresentation as a matter of law as to whether the property was newly acquired as of April 26, 2010 (*see Morales v Castlepoint Ins. Co.*, 125 AD3d at 948; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d at 657-658; *James v Tower Ins. Co. of N.Y.*, 112 AD3d at 787; *Schirmer v Penkert*, 41 AD3d at 690-691). The appellant's remaining contentions are without merit. Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied (*see Schirmer v Penkert*, 41 AD3d at 691). Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.