Nabatov v Union Mut. Fire Ins. Co. (2022 NY Slip Op 02005)





Nabatov v Union Mut. Fire Ins. Co.


2022 NY Slip Op 02005


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-09309
 (Index No. 519129/18)

[*1]Arkady Nabatov, respondent-appellant, 
v
Union Mutual Fire Insurance Company, appellant-respondent, Friends Insurance Brokerage, defendant-respondent.


Gold Benes, LLP, Bellmore, NY (Jeffrey B. Gold and Karen C. Higgins of counsel), for appellant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Union Mutual Fire Insurance Company appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 17, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant Union Mutual Fire Insurance Company which were for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for a declaration that the subject insurance policies are void ab initio and that there is no coverage for the subject claim or any other claims made under the subject insurance policies.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, those branches of the motion of the defendant Union Mutual Fire Insurance Company which were for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for a declaration that the subject insurance policies are void ab initio and that there is no coverage for the subject claim or any other claims made under the subject insurance policies are granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the defendant Union Mutual Fire Insurance Company; and it is further,
ORDERED that one bill of costs is awarded to the defendant Union Mutual Fire Insurance Company, payable by the plaintiff.
The plaintiff obtained a commercial policy of insurance from the defendant Union Mutual Fire Insurance Company (hereinafter Union Mutual), effective February 7, 2017 (hereinafter the 2017 policy), for two adjacent apartment buildings. On the application for the 2017 policy, the plaintiff represented that there was no swimming pool on the property. Shortly thereafter, Union Mutual informed the plaintiff that "[t]he inspection revealed the presence of a pool on the premises (contrary to the application) which places this risk outside of our underwriting guidelines. This risk should be placed with a market that accepts this exposure immediately." The plaintiff subsequently represented, in a document dated February 22, 2017, that the pool had been removed. The 2017 [*2]policy was then reinstated.
A renewal policy was issued effective February 7, 2018 (hereinafter the 2018 policy). In the December 19, 2017 application for the 2018 policy, the plaintiff represented that there was no swimming pool on the property.
On June 16, 2018, within the policy period for the 2018 policy, the subject property was damaged by fire, and the ensuing investigation revealed a swimming pool on the property. The plaintiff admitted at a subsequent deposition taken by Union Mutual that shortly after he purchased the property in the late 1980s, he put the swimming pool in the backyard, and did not remove the pool prior to the June 2018 fire at the property.
Union Mutual then disclaimed coverage for the claim relating to the June 2018 fire, and rescinded the 2017 policy and the 2018 policy, on the ground that the plaintiff had made multiple material misrepresentations concerning the presence of a swimming pool on the property.
The plaintiff commenced this action against Union Mutual and another defendant alleging, inter alia, breach of contract. Union Mutual asserted a counterclaim seeking a declaration that it is entitled to rescind the 2017 policy and the 2018 policy as void ab initio based on the plaintiff's misrepresentations, and that there is no coverage for the July 2018 fire, or for any other loss, under those policies. The Supreme Court denied those branches of Union Mutual's subsequent motion which were for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for a declaration that the subject insurance policies are void ab initio and that there is no coverage for the subject claim or any other claims made under the subject insurance policies. Union Mutual appeals.
"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851 [internal quotation marks omitted]). To establish materiality as a matter of law, an insurer must present clear and substantially uncontradicted documentation concerning its underwriting practice, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application (see Neiditch v William Penn Life Ins. Co. of N.Y., 177 AD3d 754, 755; Morales v Castlepoint Ins. Co., 125 AD3d 947, 948).
Here, Union Mutual established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff made misrepresentations on his application for insurance, and that it would not have issued the 2017 policy and the 2018 policy had the plaintiff disclosed that there was a swimming pool on the property (see Insurance Law § 3105[a], [b][1]; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534). Union Mutual submitted with its motion for summary judgment an affidavit from its underwriter, along with Union Mutual's Underwriting Guidelines for its New York Landlord/Tenant Property and General Liability Package Program, which provide that swimming pools are an unacceptable risk, and if a potential insured answered "yes" to the question on the application asking if there is a swimming pool on the property, no policy of insurance would issue. With these undisputed facts, Union Mutual demonstrated as a matter of law that the misrepresentations in the plaintiff's applications for insurance were material. In opposition, the plaintiff failed to raise a triable issue of fact.
A material misrepresentation, even if innocent or unintentional, is sufficient to warrant rescission of an insurance policy (see Joseph v Interboro Ins. Co., 144 AD3d 1105). Accordingly, the Supreme Court should have granted those branches of Union Mutual's motion which were for summary judgment dismissing the complaint insofar as asserted against it, and on its counterclaim for a judgment declaring that the 2017 policy and the 2018 policy are void ab initio, and there is no coverage for the subject claim or any other claims made under the subject insurance policies. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declaration in [*3]favor of Union Mutual (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court