Dam Props. Holding Corp. v Union Mut. Fire Ins. Co. (2022 NY Slip Op 06108)

Dam Props. Holding Corp. v Union Mut. Fire Ins. Co.

2022 NY Slip Op 06108

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-03005
 (Index No. 715693/17)

[*1]Dam Properties Holding Corp., plaintiff-respondent,
v
Union Mutual Fire Insurance Company, appellant, Aard-Vark Agency Ltd., et al., defendants-respondents (and a third-party action).

Hurwitz & Fine, P.C., Buffalo, NY (Mirna M. Santiago and Eric T. Boron of counsel), for appellant.
Chiariello & Chiariello, Glen Cove, NY (Gerald Chiariello II of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Union Mutual Fire Insurance Company appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated March 12, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and on its counterclaim.
ORDERED that the order is affirmed, with costs.
The defendant Union Mutual Fire Insurance Company (hereinafter Union Mutual) issued a commercial property insurance policy to the plaintiff, Dam Properties Holding Corp. On or about March 4, 2017, the subject premises was damaged in a fire. After receiving notice of the loss, Union Mutual "disclaim[ed] any obligation to [the plaintiff] in connection with this claim" and rescinded the policy based upon its determination that the plaintiff had misrepresented material facts in its application for insurance when the plaintiff responded that its mercantile space did not engage in "open flame cooking" or utilize "open flame cooking methods."
The plaintiff commenced this action against Union Mutual, among others, alleging, inter alia, that Union Mutual breached the contract of insurance. Union Mutual answered and asserted a counterclaim for a judgment declaring that there was no coverage as the policy was void ab initio due to the alleged material misrepresentation. Union Mutual thereafter moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and on its counterclaim. In an order dated March 12, 2020, the Supreme Court denied the motion. Union Mutual appeals.
"To establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation" (Nabatov v Union Mut. Fire Ins. Co., 203 AD3d 1052, 1054 [internal quotation marks omitted]; see Parmar v Hermitage Ins. Co., 21 AD3d 538, 540). "An answer to an ambiguous question on an application for insurance cannot be the basis of [*2]a claim of misrepresentation by the insurance company against its insured where . . . a reasonable person in the insured's position could rationally have interpreted the question as he or she did" (Garcia v American Gen. Life Ins. Co. of N.Y., 264 AD2d 808, 809).
Here, contrary to Union Mutual's contention, it failed to establish, prima facie, that the terms "open flame cooking" and "open flame cooking methods," which were not defined in the application, were unambiguous under the circumstances so as to support its claim that the plaintiff made a material misrepresentation (see Liang v Progressive Cas. Ins. Co., 172 AD3d 696, 697; Garcia v American Gen. Life Ins. Co. of N.Y., 264 AD2d 808).
Accordingly, the Supreme Court properly denied Union Mutual's motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court