Ruiz v First Invs. Life Ins. Co. (2023 NY Slip Op 06269)

Ruiz v First Invs. Life Ins. Co.

2023 NY Slip Op 06269

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-00481
 (Index No. 6474/15)

[*1]Donna Ruiz, etc., appellant, 
v
First Investors Life Insurance Company, respondent.

Leo P. Davis, P.C., East Moriches, NY, for appellant.
Robinson & Cole LLP, New York, NY (Patrick W. Begos of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 15, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of contract and on its counterclaim for a judgment declaring that the defendant properly rescinded the subject life insurance policy.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of contract and on its counterclaim for a judgment declaring that the defendant properly rescinded the subject life insurance policy are denied.
In November 2013, the plaintiff's decedent obtained a term life insurance policy (hereinafter the subject policy) from the defendant in the amount of $250,000, naming the plaintiff, his wife, as the primary beneficiary. Only eight months later, in July 2014, the decedent died of "Hypertensive Heart Disease Complicating Obesity," and the plaintiff submitted a claim for payment of the insurance proceeds. The defendant disclaimed coverage and rescinded the subject policy on the ground that the decedent had made material misrepresentations regarding his heart conditions on his application for insurance by failing to disclose that he had been diagnosed and treated in June 2013 for a systolic heart murmur and concentric left ventricular hypertrophy.
Thereafter, the plaintiff, individually and as the administrator of the decedent's estate, commenced this action, inter alia, to recover damages for breach of contract. In its answer, the defendant asserted a counterclaim for a judgment declaring that it properly rescinded the subject policy based on the decedent's material misrepresentations. The defendant moved for summary judgment dismissing the complaint and on its counterclaim for declaratory relief. In an order dated May 15, 2020, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of contract and on its counterclaim for declaratory relief. The plaintiff appeals.
The Supreme Court erred in granting those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of contract and on its counterclaim for declaratory relief. To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy (see Insurance Law § 3105[b][1]; American Empire Surplus Lines Ins. Co. v ZNKO Constr., Inc., 214 AD3d 849, 850; Dam Props. Holding Corp. v Union Mut. Fire Ins. Co., 210 AD3d 635, 636). "To establish materiality as a matter of law, an insurer must present clear and substantially uncontradicted documentation concerning its underwriting practice, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application" (Nabatov v Union Mut. Fire Ins. Co., 203 AD3d 1052, 1054; see Rodriguez v Mercury Cas. Co., 207 AD3d 674, 675; Neiditch v William Penn Life Ins. Co. of N.Y., 177 AD3d 754, 755). "[C]onclusory statements by insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law" (IPA Asset Mgt., LLC v Certain Underwriters at Lloyd's London, 143 AD3d 770, 772 [internal quotation marks omitted]).
Here, the defendant failed to demonstrate the materiality of the misrepresentations as a matter of law (see Insurance Law § 3105[b][1]; Rodriguez v Mercury Cas. Co., 207 AD3d at 675; Nabatov v Union Mut. Fire Ins. Co., 203 AD3d at 1054). Although the defendant's chief underwriter testified at his deposition that the defendant would not have issued the subject policy to the decedent at the same premium rate had he disclosed the extent of his heart conditions, the underwriting guidelines submitted by the defendant do not state that the heart conditions which the decedent failed to disclose must be assessed at a higher premium (see Rodriguez v Mercury Cas. Co., 207 AD3d at 675; Nabatov v Union Mut. Fire Ins. Co., 203 AD3d at 1054; IPA Asset Mgt., LLC v Certain Underwriters at Lloyd's London, 143 AD3d at 772).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for breach of contract and on its counterclaim for a judgment declaring that the defendant properly rescinded the subject policy, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court