Azad v Kingstone Ins. Co. (2024 NY Slip Op 03025)

Azad v Kingstone Ins. Co.

2024 NY Slip Op 03025

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-03315
 (Index No. 720920/19)

[*1]Abdus S. Azad, appellant, 
v
Kingstone Insurance Company, respondent.

Jared M. Lefkowitz, New York, NY, for appellant.
McCauley Law Firm, LLC, White Plains, NY (Todd M. McCauley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated April 28, 2022. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied that branch of the plaintiff's cross-motion which was to compel further discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2013, the plaintiff, the owner of certain real property located in Elmhurst (hereinafter the property), submitted an application to the defendant for a fire insurance policy for the property. In the application, the plaintiff represented, inter alia, that the property was a two-family dwelling. The defendant issued the plaintiff a fire insurance policy, which was renewed on an annual basis through July 2018.
On May 11, 2018, within the policy period, the property was damaged by a fire. The New York City Department of Buildings (hereinafter the DOB), which conducted an investigation, found that the property had been illegally converted to a seven-family dwelling with twenty-three occupants. Shortly thereafter, the plaintiff submitted a notice of claim to the defendant under the insurance policy. In June 2018, the defendant disclaimed coverage for the damages caused by the fire and rescinded the insurance policy on the ground that the plaintiff had made a material misrepresentation on his application concerning the use of the property by claiming it was a two-family dwelling.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. Thereafter, the defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved, among other things, to compel further discovery. In an order dated April 28, 2022, the Supreme Court, inter alia, granted the defendant's motion and, in effect, denied that branch of the plaintiff's cross-motion which was to compel further discovery. The plaintiff appeals.
"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate [*2]that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851 [internal quotation marks omitted]). "To establish materiality as a matter of law, an insurer must present clear and substantially uncontradicted documentation concerning its underwriting practice, such as underwriting manuals, bulletins, or rules pertaining to similar risks, to show that it would not have issued the same policy if the correct information had been disclosed in the application" (Nabatov v Union Mut. Fire Ins. Co., 203 AD3d 1052, 1054; see Insurance Law § 3105[c]; Ruiz v First Invs. Life Ins. Co., 222 AD3d 683, 684).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff made a misrepresentation on his application for insurance and that the defendant would not have issued the insurance policy had it known the facts misrepresented (see Nabatov v Union Mut. Fire Ins. Co., 203 AD3d at 1054; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534, 536). In support of its motion, the defendant submitted, inter alia, the plaintiff's signed insurance application from 2013, which stated that the premises was a two-family dwelling. The defendant also submitted evidence that the DOB issued violations to the plaintiff because the premises had been converted to a multi-family dwelling. Moreover, the defendant submitted its 2012 underwriting guide and an affidavit from its underwriting manager, which demonstrated that the defendant would not have issued the policy if it had known the property was used as a multi-family dwelling (see Caldara v Utica Mut. Ins. Co., 130 AD3d 665, 666). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Furthermore, contrary to the plaintiff's contention, the Supreme Court properly, in effect, denied that branch of the plaintiff's cross-motion which was to compel further discovery, as the plaintiff failed to demonstrate that additional discovery might lead to relevant evidence or that facts essential to justify opposition to the defendant's motion for summary judgment were exclusively within the knowledge and control of the defendant (see Santiago v City of New York, 191 AD3d 715, 716-717).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied that branch of the plaintiff's cross-motion which was to compel further discovery.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court