■ Grandell Rehabilitation and Nursing Center, Inc., Appellant-Respondent, v Victory Serby, et al., Respondents-Appellants. [800 NYS2d 188]—

In an action, inter alia, to recover damages for breach of contract, Grandell Rehabilitation and Nursing Center, Inc., appeals from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered March 22, 2004, as denied that branch of its cross motion which was for summary judgment dismissing the counterclaims alleging, inter alia, medical malpractice, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and counterclaim defendant, Grandell Rehabilitation and Nursing Center, Inc. (hereinafter Grandell), commenced this action against the personal representative of the

decedent's estate, alleging, inter alia, that the defendants breached an agreement by failing to pay the sum of $49,746.60 for room and board and nursing services rendered to the decedent between February 3, 1999, and February 20, 2000, at the plaintiff's facility. The defendants counterclaimed alleging, inter alia, medical malpractice. The defendants moved for summary judgment dismissing the complaint, contending that a check written by the defendant Victor Serby and deposited by the plaintiff in the sum of $119.96 which stated "payment in full" on the memo line constituted an accord and satisfaction for Grandell's claim. Grandell cross-moved, inter alia, for summary judgment dismissing the counterclaims contending, among other things, that the defendants failed to raise an issue of fact as to any medical malpractice.

"As a general rule, acceptance of a check in full settlement of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim" (*Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596 [1984]). "Such agreements are enforceable, however, only when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge a legitimately disputed unliquidated claim" (*id.* at 596). Here, it cannot be determined as a matter of law that the check marked as "payment in full" unequivocally acted as a settlement or discharge of the outstanding balance owed to Grandell by the defendants (*see Pepe v Tannenbaum,* 279 AD2d 620 [2001]; *William Manfredi Constr. Corp. v Green Fan Co.,* 87 AD2d 611 [1982]). Thus, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Furthermore, Grandell failed to meet its prima facie burden of establishing entitlement to judgment as a matter of law dismissing the counterclaims (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The affidavit of Grandell's expert was conclusory, in that it did not rebut the specific factual references of negligence alleged in the defendants' pleadings (*see Kenny v Parkway Hosp.,* 281 AD2d 596, 597 [2001]; *Brosnan v Shafron,* 278 AD2d 442 [2000]). The record does not establish as a matter of law that Grandell's nursing staff did not deviate from accepted nursing practice (*see Brosnan v Shafron, supra; Barnes v Sheehan Mem. Hosp.,* 275 AD2d 1028 [2000]. Thus, the Supreme Court properly denied that branch of Grandell's cross motion which was for summary judgment dismissing the counterclaim to recover damages for medical malpractice.

Grandell's remaining contentions are without merit. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.