■ MARTIN WEISZBERGER IN TRUST, Appellant, v MORDECHAI D. HUSARSKY et al., Respondents. [979 NYS2d 851]—

In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over a portion of the defendants' property, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated June 12, 2012, which granted the defendants' motion for summary judgment declaring that it does not have a prescriptive easement.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff commenced this action, inter alia, for a judgment declaring that it has a prescriptive easement over a portion of the defendants' property adjacent to the plaintiff's driveway. To acquire a prescriptive easement, a party must establish by clear and convincing evidence that the use of the property was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years (*see Old Town Tree Farm, Inc. v Long Is. Power Auth.*, 101 AD3d 692 [2012]; *Garden Homes Mobile Home Park Co. LP v Patel*, 100 AD3d 688, 689 [2012]; *Masucci v DeLuca*, 97 AD3d 550, 551 [2012]; *CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc.*, 96 AD3d 986, 987 [2012]).

In moving for summary judgment declaring that the plaintiff does not have a prescriptive easement, the defendants established their prima facie entitlement to judgment as a matter of

law by submitting the affidavits of the defendant Mordechai D. Husarsky and the defendants' predecessor in title, indicating that the use of the subject property had been permissive as part of a neighborly accommodation (*see generally Estate of Becker v Murtagh*, 19 NY3d 75, 82 [2012]; *Air Stream Corp. v 3300 Lawson Corp.*, 99 AD3d 822, 826-827 [2012]; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d 690, 691 [2009]; *Duckworth v Ning Fun Chiu*, 33 AD3d 583, 584 [2006]). However, in opposition to the motion, the plaintiff submitted the affirmation of nonparty Mark Spitzer, who has occupied the plaintiff's property since 1997, and who claimed that, over the objections of the defendants and their predecessor, he and his predecessor in interest regularly used the disputed area for more than the prescriptive period of 10 years. Contrary to the determination of the Supreme Court, this evidence sufficed to raise issues of fact and credibility which warranted denial of the motion, since these matters must be resolved by the triers of fact (*see Bravo v Vargas*, 113 AD3d 579 [2014]; *Matter of Harold*, 112 AD3d 929 [2013]; *Brown v Pinkett*, 110 AD3d 1024, 1025 [2013]; *Pavane v Marte*, 109 AD3d 970, 972 [2013]; *Green v Quincy Amusements, Inc.*, 108 AD3d 591, 592 [2013]). Accordingly, the motion for summary judgment must be denied. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.