■ SEGUNDO LEMA et al., Respondents, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [990 NYS2d 231]—

In an action to recover the proceeds of a homeowners' insurance policy, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Parga, J.), entered May 10, 2013, which denied its motion, in effect, for summary judgment dismissing the complaint, and (2) an order of the same court entered November 4, 2013, which denied its motion for leave to renew and reargue its prior motion, in effect, for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order entered November 4, 2013, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order entered November 4, 2013, as denied that branch of the defendant's motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order entered May 10, 2013; and it is further,

Ordered that the order entered May 10, 2013, is reversed, on the law, and the defendant's motion, in effect, for summary judgment dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy" (*Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 993-994 [2011]; *see Meah v A. Aleem Constr., Inc.*, 105 AD3d 1017, 1019 [2013]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Interboro Ins. Co. v Fatmir*, 89 AD3d at 994; *see* Insurance Law § 3105 [b] [1]; *Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330 [2011]). "To

establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (*Interboro Ins. Co. v Fatmir*, 89 AD3d at 994 [internal quotation marks omitted]; *see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff Segundo Lema (hereinafter the plaintiff) made a misrepresentation in the application for insurance that was material. Although the plaintiff represented in the application for insurance that the subject premises was a two-family dwelling, the defendant submitted evidence, which included photographs and the affidavit of its property field adjuster, showing that the subject premises contained three separate dwelling units, each with its own kitchen, bathroom, and separate entrance. This evidence established, prima facie, that the subject premises was a three-family dwelling based on its structural configuration (*see Dauria v CastlePoint Ins. Co.*, 104 AD3d 406 [2013]; *Hermitage Ins. Co. v LaFleur*, 100 AD3d 426 [2012]). Furthermore, the defendant submitted an affidavit from its underwriting manager and its "Homeowners Selection Rules," which showed that it would not have issued the same policy if the application had disclosed that the subject premises was a three-family dwelling (*see James v Tower Ins. Co. of N.Y.*, 112 AD3d 786, 787 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion, in effect, for summary judgment dismissing the complaint. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.