■ ANTHONY CALDARA, Appellant, v UTICA MUTUAL INSURANCE COMPANY, Respondent. [15 NYS3d 346]—

In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 25, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgement dismissing the complaint is denied.

The plaintiff had a homeowners' insurance policy with the defendant Utica Mutual Insurance Company. He commenced this action alleging that the defendant breached the insurance policy by failing to pay a claim made after a fire at the subject premises. After the action was commenced, the defendant's attorney sent the plaintiff a check with a letter stating that investigation had revealed that he had misrepresented that the premises was a two-family house when the basement was actually being occupied as a third unit. The letter stated that the policy had been voided ab initio and the check represented a return of the plaintiff's premium. The plaintiff negotiated the check which, according to his attorney, was deposited in the attorney's escrow account. The defendant then moved for summary judgment dismissing the complaint, arguing that the policy was lawfully rescinded as a matter of law and that the plaintiff's acceptance of the check constituted an accord and satisfaction. The Supreme Court granted the motion on both grounds.

To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when securing the policy (*see 128 Hester LLC v New York Mar. & Gen. Ins. Co.*, 126 AD3d 447 [2015]; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657 [2014]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 994 [2011]; *see* Insurance Law § 3105 [b] [1]; *Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330 [2011]).

" 'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application' " (*Interboro Ins. Co.*, 89 AD3d 993, 994 [2011], quoting *Schirmer v Penkert*, 41 AD3d 688, 690-691 [2007]; *see Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657 [2014]).

Here, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting an affidavit from its underwriter and its underwriting guidelines, demonstrating that it would not have issued the subject policy had it known that the premises was a three-family house, with a police report describing the premises and an affidavit by a tenant to the effect that the basement was rented and occupied as a separate unit. While portions of the police report identifying the occupants of the premises constituted inadmissible hearsay (*see Cover v Cohen*, 61 NY2d 261, 274 [1984]), the report was admissible under the business record exception to the hearsay rule to the extent that it was based upon the personal observations of the detective of the structural configuration of the premises (*see Matter of Leon RR*, 48 NY2d 117, 122 [1979]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2007]).

In opposition, the plaintiff submitted another affidavit from the same tenant, retracting the affidavit that had been submitted by the defendant based upon her inability to read English. The plaintiff also submitted affidavits from each of the other first-floor tenants and one alleged basement tenant to the effect that no one had rented or occupied the basement as a separate unit. Contrary to the determination of the Supreme Court, this evidence was sufficient to raise a triable issue of fact as to whether the basement was occupied as a third unit and whether the plaintiff therefore made a material misrepresentation in procuring the subject policy. "The function of the court on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist" (*Bonaventura v Galpin*, 119 AD3d 625, 625 [2014]; *see Guadalupe v New York City Tr. Auth.*, 91 AD3d 716 [2012]; *Kolivas v Kirchoff*, 14 AD3d 493 [2005]).

Further, the defendant failed to establish that the plaintiff's negotiation of the check returning his premium constituted an accord and satisfaction. "As a general rule, acceptance of a check in full settlement of a disputed unliquidated claim oper-

ates as an accord and satisfaction discharging the claim" (*Merrill Lynch Realty / Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]). "Such agreements are enforceable, however, only when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge a legitimately disputed unliquidated claim" (*id.* at 596; *see Hudson v Yonkers Fruit Co.*, 258 NY 168, 174 [1932]; *Narendra v Thieriot*, 41 AD3d 442 [2007]; *Grandell Rehabilitation & Nursing Ctr., Inc. v Serby*, 21 AD3d 346 [2005]). Here, neither the check nor the accompanying letter clearly informed the plaintiff that his acceptance of the check would be in settlement of the pending litigation, discharging his claim for coverage under the policy (*see Hudson v Yonkers Fruit Co.*, 258 NY at 174; *Narendra v Thieriot*, 41 AD3d 442 [2007]; *Kline v Apostolakos*, 176 AD2d 784 [1991]; *cf. Freedus v Blanchfield & Howard*, 67 NY2d 988 [1986]). Accordingly, the defendant's motion should have been denied. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.