■ JUAN RAMON ALMONTE et al., Appellants, v CASTLEPOINT INSURANCE COMPANY, Respondent. [33 NYS3d 718]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered October 24, 2014, which denied plaintiffs' cross motion for summary judgment and granted defendant CastlePoint Insurance Company's motion for summary judgment declaring it has no obligation to provide coverage, unanimously affirmed, without costs.

The motion court properly granted summary judgment to CastlePoint, based on its determination that the premises contained a basement apartment rendering it a "three family" dwelling, as opposed to the "two family" designation that was listed on the insurance application (*see Dauria v CastlePoint Ins. Co.*, 104 AD3d 406, 406-407 [1st Dept 2013], *appeal dismissed* 24 NY3d 1008 [2014]). As this Court found in *Dauria*, the question "# Families" on an insurance application means the number of separate dwelling units in the building (*id.* at 406-407). CastlePoint also demonstrated, through the insureds' admission in a statement to CastlePoint's investigator and the investigator's inspection of the premises, that the home was a three-family dwelling, and thus not covered by the policy, rather than a two-family dwelling, which would be covered by the policy (*Castlepoint Ins. Co. v Jaipersaud*, 127 AD3d 401, 401 [1st Dept 2015]; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657, 658 [2d Dept 2014]).

Based on the lack of coverage, there is no need to address the issue of material misrepresentation. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.