■ ESTATE OF GEN YEE CHU, Deceased, by CHIEN MIN CHU, as Executor and/or Administrator, et al., Appellants, v OTSEGO MUTUAL FIRE INSURANCE COMPANY, Respondent. [49 NYS3d 468]—

In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Dufficy, J.), entered November 3, 2014, which, upon an order of the same court dated October 7, 2014, granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On November 8, 1991, the plaintiff Chien Min Chu (herein-after the plaintiff) and his now-deceased wife, Gen Yee Chu, purchased a three-story house in Woodside, Queens. It is undisputed that the house contained three separate dwelling units, each with its own kitchen, bathroom, and separate entrance. However, the plaintiff alleges that he believed that the house was a legal two-family dwelling based on documents including its certificate of occupancy and real property tax bills. On November 7, 2006, the plaintiff and his wife applied for and obtained a policy of fire insurance from the defendant Otsego Mutual Fire Insurance Company, indicating on their application form that the number of families in the dwelling was two. After the house was damaged by a fire on July 15, 2011, the defendant rescinded its policy on the ground that the plaintiff and his wife had made a material misrepresentation of fact by stating on their insurance application that the house was a two-family dwelling. The plaintiff and his wife subsequently commenced this action to recover damages for breach of the subject fire insurance policy. The action proceeded to trial, and at the close of evidence, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court granted the defendant's motion, finding that the defendant had established, as a matter of law, that it would not have insured the premises if it had been aware that it was a three-family dwelling.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Geeta Temple-Ashram v Satyanandji*, 142 AD3d 1132, 1134 [2016]; *Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016, 1017 [2015]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556).

Applying these principles here, the Supreme Court properly granted the defendant's motion for judgment as a matter of law. In order to establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy (*see Joseph v Interboro Ins. Co.*, 144 AD3d 1105 [2016]; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657 [2014]). A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented (*see Caldara v Utica Mut. Ins. Co.*, 130 AD3d 665 [2015]; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d at 657; *Smith v Guardian Life Ins. Co. of Am.*, 116 AD3d 1031 [2014]).

Here, the plaintiff's own testimony established that his house was structurally configured as a three-family dwelling, and thus, the statement on his insurance application indicating that it was a two-family dwelling was a misrepresentation (*see Almonte v CastlePoint Ins. Co.*, 140 AD3d 658, 659 [2016]; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657 [2014]; *Hermitage Ins. Co. v LaFleur*, 100 AD3d 426, 427 [2012]; *Dauria v CastlePoint Ins. Co.*, 104 AD3d 406, 407 [2013]). Although the plaintiff testified that he believed his house was a legal two-family dwelling, an insurer may rescind a policy if the insured made a material misrepresentation of fact even if the misrepresentation was innocently or unintentionally made (*see Smith v Guardian Life Ins. Co. of Am.*, 116 AD3d at 1032; *McLaughlin v Nationwide Mut. Fire Ins. Co.*, 8 AD3d 739, 740 [2004]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 436 [2003]). Further, the defendant established that the plaintiff's misrepresentation was material through the uncontroverted testimony of its witnesses and documentary evidence, including its underwriting guidelines, which established that the defendant did not insure three-family dwellings, and would not have issued the subject policy if the

plaintiff and his wife had disclosed that the house contained three dwelling units (*see Joseph v Interboro Ins. Co.*, 144 AD3d at 1105; *Lema v Tower Ins. Co. of N.Y.*, 119 AD3d at 658; *Hermitage Ins. Co. v LaFleur*, 100 AD3d at 427; *Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 994 [2011]). Thus, there was no rational process by which the jury could have found in favor of the plaintiffs. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.