■ Indian Harbor Insurance Company, Appellant, v SP&K Construction et al., Respondents. (And Another Title.) [53 NYS3d 549]—

In an action for a judgment declaring that an insurance policy issued by the plaintiff to the defendants is void and that the plaintiff is entitled to rescission of the policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 23, 2015, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when securing the policy (*see Caldara v Utica Mut. Ins. Co.*, 130 AD3d 665, 665 [2015]; *Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 994 [2011]). A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented (*see Interboro Ins. Co. v Fatmir*, 89 AD3d at 994). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct informa-

tion had been disclosed in the application" (*Schirmer v Penkert*, 41 AD3d 688, 690-691 [2007]).

Here, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the issue of the materiality of the alleged misrepresentations (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Schirmer v Penkert*, 41 AD3d at 691; *Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540 [2005]). Since the plaintiff failed to meet its prima facie burden, its motion for summary judgment was properly denied, regardless of the sufficiency of the defendants' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Chambers, J.P., Roman, Miller and Connolly, JJ., concur.