2900 Stillwell Ave., LLC v U.S. Underwriters Ins. Co. (2019 NY Slip Op 03939)





2900 Stillwell Ave., LLC v U.S. Underwriters Ins. Co.


2019 NY Slip Op 03939


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-09501
 (Index No. 5189/15)

[*1]2900 Stillwell Ave., LLC, appellant,
v
U.S. Underwriters Insurance Co., et al., respondents.


Jack L. Glasser, P.C., Jamaica, NY, for appellant.
Gennet, Kallmann, Antin, Sweetman & Nichols, P.C., New York, NY (Stanley W. Kallmann of counsel), for respondents.



DECISION & ORDER
In an action to recover the proceeds of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 26, 2017. The order granted the defendants' renewed motion for summary judgment dismissing the complaint and on their counterclaim to rescind the insurance policy.
ORDERED that the order is affirmed, with costs.
We agree with the Supreme Court's determination to grant the defendants' renewed motion for summary judgment dismissing the complaint and on their counterclaim to rescind the commercial insurance policy issued to the plaintiff. To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when securing the policy. A representation is a statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof (see Insurance Law § 3105[a]; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534; Joseph v Interboro Ins. Co., 144 AD3d 1105). A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented (see Insurance Law § 3105[b]). To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application (see Piller v Otsego Mut. Fire Ins. Co., 164 AD3d at 536; Indian Harbor Ins. Co. v SP & K Constr., 151 AD3d 704; Joseph v Interboro Ins. Co., 144 AD3d at 1106).
The defendants established their prima facie entitlement to judgment as a matter of law through evidence demonstrating that the plaintiff made a material misrepresentation on its application. That evidence included the affidavit of a senior vice president of corporate underwriting and a copy of the underwriting guidelines, which established that the plaintiff's misrepresentation induced the defendants to issue a policy it otherwise would not have issued (see Roudneva v Bankers Life Ins. Co. of N.Y., 35 AD3d 580; Gorra v New York Life Ins. Co., 276 AD2d 469; Shabashev v New York Life Ins. Co., 150 AD2d 673). The plaintiff failed to raise a triable issue of fact in opposition.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court