Barrett v A&P Pac. Owner, LLC (2020 NY Slip Op 00396)





Barrett v A&P Pac. Owner, LLC


2020 NY Slip Op 00396


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-09976
 (Index No. 15018/14)

[*1]Clover M. Barrett, appellant,
v
A & P Pacific Owner, LLC, respondent.


Clover Barrett & Associates, P.C., Brooklyn, NY (Philip Karmel of counsel), for appellant.
Quinn McCabe LLP, New York, NY (Jonathan H. Krukas and Benjamin Fox Tracy of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff acquired an easement by prescription over a portion of the defendant's property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 15, 2016. The order and judgment, insofar as appealed from, upon renewal, in effect, vacated a prior determination in an order of the same court dated January 4, 2016, denying, as premature, those branches of the defendant's motion which were, in effect, for summary judgment declaring that the plaintiff did not acquire an easement by prescription over a portion of the defendant's property or any related right to use the defendant's property and directing the removal of a certain fire escape, granted those branches of the defendant's prior motion, declared that the plaintiff did not acquire an easement by prescription over a portion of the defendant's property or any related right to use the defendant's property, and directed the removal of the subject fire escape.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the prior determination is vacated, and thereupon, those branches of the defendant's motion which were, in effect, for summary judgment declaring that the plaintiff did not acquire an easement by prescription over a portion of the defendant's property or any related right to use the defendant's property and directing the removal of the subject fire escape are denied on the merits.
The plaintiff is the owner of certain real property located at 338 Atlantic Avenue in Brooklyn (hereinafter the plaintiff's property), including a five-story, mixed-use building allegedly constructed in or around 1902. The first and second floors of the building consist of commercial space, while each of the other three floors consists of two apartments. In September 2005, "338 Atlantic Avenue, LLC," a company solely owned by the plaintiff, acquired title to the plaintiff's property and, in October 2005, the company transferred title to the plaintiff.
Since on or about March 6, 2014, the defendant has been the owner of certain real property located at 319-325 Pacific Street in Brooklyn (hereinafter the defendant's property). Part of the defendant's property adjoins the plaintiff's property, rear yard to rear yard. The defendant's property was previously used for many years as a parking lot, and now is being developed with [*2]townhouses.
Attached to the rear of the building located on the plaintiff's property is a fire escape, allegedly in place since 1902 or earlier. The fire escape, which serves building occupants on floors two through five, undisputedly encroaches three feet five inches into the airspace above the defendant's property and includes a drop-ladder that leads onto the defendant's property from where one could travel across that property to Pacific Street, or otherwise seek refuge in the event of a fire. By letter dated October 15, 2014, the defendant demanded that the plaintiff remove the fire escape.
In October 2014, the plaintiff commenced this action seeking a judgment declaring, inter alia, that she had acquired an easement by prescription over the portion of defendant's property where the subject fire escape is located and a related right to use the defendant's property as a place of egress and refuge in the event of a fire on the plaintiff's property, and that the subject fire escape shall remain in place. The defendant interposed an answer to the complaint with counterclaims for, inter alia, a judgment declaring that the plaintiff does not have a right to maintain the fire escape or any related right to use the defendant's property.
After the Supreme Court denied, as premature, those branches of the parties' respective motions which were for summary judgment, the defendant moved for leave to renew those branches of its prior motion which were, in effect, for summary judgment declaring, inter alia, that the plaintiff did not acquire an easement by prescription or any related right to use the defendant's property, and directing the removal of the fire escape. In the order and judgment appealed from, the court, inter alia, upon renewal, granted those branches of the defendant's prior motion, declared that the plaintiff did not acquire an easement by prescription or any related right to use the defendant's property, and directed the removal of the fire escape. The plaintiff appeals.
" To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years'" (Ciringione v Ryan, 162 AD3d 634, 634, quoting Masucci v DeLuca, 97 AD3d 550, 551). "The elements of a prescriptive easement must be established by clear and convincing evidence" (CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc., 96 AD3d 986, 987). Moreover, the right acquired by prescription is commensurate with the right enjoyed (see Vitiello v Merwin, 87 AD3d 632, 633).
The defendant, in moving, inter alia, for summary judgment declaring that the plaintiff does not have a prescriptive easement, established, prima facie, that the fire escape on the rear of plaintiff's building that encroaches several feet above the defendant's property was not hostile, but permissive (see Yee v Panousopoulos, 176 AD3d 1142, 1144; Martin Weiszberger in Trust v Husarsky, 114 AD3d 731). Specifically, the defendant submitted evidence that the fire escape did not interfere with the operation of a parking lot on its property from June 1, 1991, to October 15, 2014. In opposition, however, the plaintiff raised triable issues of fact as to whether the use of the subject fire escape, which hovers over a portion of the defendant's property, has been adverse, open and notorious, and continuous for the prescriptive period (see Martin Weiszberger in Trust v Husarsky, 114 AD3d at 732). The plaintiff asserted that the subject fire escape has been in place since at least 1902, and that the period of prescription could have been satisfied and the easement created by the time of the alleged permissive use (see RPAPL 501; CPLR 212[a], former Civ Prac Act § 34). While this Court has the authority to search the record and award summary judgment to the nonmoving party (see Lapidus v 1050 Tenants Corp., 138 AD3d 783, 786), we decline the plaintiff's request that we do so here in light of the existence of the aforesaid triable issues of fact.
Accordingly, the Supreme Court, upon renewal, should have denied, on the merits, those branches of the defendant's motion which were, in effect, for summary judgment declaring that the plaintiff did not acquire an easement by prescription or any related right to use the defendant's property and directing the removal of the subject fire escape.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court