Friedman v Otsego Mut. Fire Ins. Co. (2020 NY Slip Op 00572)





Friedman v Otsego Mut. Fire Ins. Co.


2020 NY Slip Op 00572


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00492
2017-03709
 (Index No. 4948/14)

[*1]Jill Friedman, appellant, 
v
Otsego Mutual Fire Insurance Company, respondent, et al., defendants.


Fox & Lefkowitz, LLP, Westbury, NY (Richard B. Lefkowitz of counsel), for appellant.
Tell, Cheser & Breitbart, Garden City, NY (Kenneth R. Feit of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Randy Sue Marber J.), entered December 1, 2016, and (2) a judgment of the same court entered January 12, 2017. The order granted the motion of the defendant Otsego Mutual Fire Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and declaring the subject insurance policies rescinded and void ab initio, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging breach of contract by that defendant. The judgment, upon the order, is in favor of the defendant Otsego Mutual Fire Insurance Company and against the plaintiff dismissing the complaint insofar as asserted against that defendant and declaring the subject insurance policies rescinded and void ab initio.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Otsego Mutual Fire Insurance Company.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The defendant Otsego Mutual Fire Insurance Company (hereinafter Otsego) issued a homeowners' insurance policy for the period of November 17, 2009, to November 17, 2012, and a renewal policy for the period of November 17, 2012, to November 17, 2015 (hereinafter together the subject policies), to the plaintiff. In March 2014, the plaintiff's home sustained severe water damage. After receiving notice of the loss, Otsego determined that the plaintiff had misrepresented material facts in her application for insurance, and "declare[d] that the contract of insurance . . . is [*2]null and void ab initio."
The plaintiff commenced this action against Otsego, among others, alleging, inter alia, that Otsego breached the contract of insurance. Otsego moved for summary judgment dismissing the complaint insofar as asserted against it and declaring the subject policies rescinded and void ab initio. The plaintiff opposed Otsego's motion and cross-moved for summary judgment on the issue of liability on the cause of action alleging breach of contract by Otsego. In an order entered December 1, 2016, the Supreme Court granted Otsego's motion and denied the plaintiff's cross motion. On January 12, 2017, the court entered a judgment in favor of Otsego and against the plaintiff dismissing the complaint insofar as asserted against Otsego and declaring the policies rescinded and void ab initio. The plaintiff appeals.
"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714; see Insurance Law § 3105[b]; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534, 535-536; Leading Ins. Group Ins. Co., Ltd. v Xiao Wu Chen, 150 AD3d 977, 978). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (Caldara v Utica Mut. Ins. Co., 130 AD3d 665, 666 [internal quotation marks omitted]; see Insurance Law § 3105[c]; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d at 536; Morales v Castlepoint Ins. Co., 125 AD3d 947, 948; Parmar v Hermitage Ins. Co., 21 AD3d 538, 540; Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 437).
Here, Otsego made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence of its past practices, demonstrating that it would not have issued the same policy to the plaintiff if the correct information had been disclosed in the plaintiff's application (see Caldara v Utica Mut. Ins. Co., 130 AD3d at 666; James v Tower Ins. Co. of N.Y., 112 AD3d 786, 787; Meah v A. Aleem Constr., Inc., 105 AD3d 1017, 1020). In opposition, the plaintiff failed to raise a triable issue of fact.
Thus, based on the material misrepresentation made by the plaintiff, the subject policies were void ab initio (see generally Phoenix Life Ins. Co. v Jacob P ILIT A, 120 AD3d 566, 568). Accordingly, we agree with the Supreme Court's determination granting Otsego's motion for summary judgment dismissing the complaint insofar as asserted against it and declaring the subject policies rescinded and void ab initio, and denying the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging breach of contract by Otsego.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court