Thandi v Otsego Mut. Fire Ins. Co. (2021 NY Slip Op 06206)





Thandi v Otsego Mut. Fire Ins. Co.


2021 NY Slip Op 06206


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-00531
2018-04371
2018-07680
 (Index No. 706014/15)

[*1]Balhar Thandi, respondent, 
v
Otsego Mutual Fire Insurance Company, appellant.


Tell, Cheser & Breitbart, Garden City, NY (Kenneth R. Feit of counsel), for appellant.
Craig A. Blumberg (Michael P. Lagnado, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a homeowners' insurance policy, the defendant appeals from (1) a judgment of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered December 8, 2017, (2) an order of the same court dated February 7, 2018, and (3) an order of the same court dated May 10, 2018. The judgment, upon an order of the same court (Denis J. Butler, J.) dated April 24, 2017, inter alia, denying the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that the subject insurance policy is void ab initio, and upon a jury verdict on the issue of liability in favor of the plaintiff and against the defendant and a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $300,000. The order dated February 7, 2018, denied the defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdicts on the issues of liability and damages and for judgment as a matter of law dismissing the complaint and on its counterclaim, or in the alternative, to set aside the verdicts as contrary to the weight of the evidence and for a new trial. The order dated May 10, 2018, denied the defendant's motion for leave to renew and reargue its prior motion pursuant to CPLR 4404(a).
ORDERED that the judgment is reversed, on the law, the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that the subject insurance policy is void ab initio is granted, the order dated April 24, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject insurance policy is void ab initio; and it is further,
ORDERED that the appeals from the orders dated February 7, 2018, and May 10, 2018, are dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In January 2015, the plaintiff owned certain real property in New Hyde Park (hereinafter the New Hyde Park property), and entered into a contract to purchase certain real property in Floral Park (hereinafter the Floral Park property). The closing on the Floral Park [*2]property was scheduled for March 25, 2015. On March 24, 2015, the plaintiff submitted an application for a homeowners' insurance policy for the Floral Park property; the application listed the Floral Park property as an owner-occupied residence as of April 5, 2015, and contained a representation that the plaintiff did not own, occupy, or rent any other property. The defendant, through its agent, Grima Insurance Agency, issued a homeowners' insurance policy for the Floral Park property to the plaintiff, effective March 24, 2015.
Following the closing on the Floral Park property, the plaintiff continued to reside at the New Hyde Park property while performing renovations at the Floral Park property. On April 15, 2015, the Floral Park property was "severely damaged" due to a fire, and the plaintiff thereafter submitted a claim for the damage to the defendant. On June 1, 2015, the defendant notified the plaintiff that it was denying the claim on the ground of misrepresentations in the policy application, including the plaintiff's failure to disclose that he owned a separate residence and that he was not occupying the Floral Park property as his primary residence.
The plaintiff commenced the instant action to recover damages for breach of the insurance policy. In its answer, the defendant asserted a counterclaim for a judgment declaring that the policy is void ab initio based upon material misrepresentations in the plaintiff's application. Thereafter, the plaintiff moved for summary judgment on the complaint. In a supporting affidavit, the plaintiff averred, inter alia, that he only decided to perform renovations at the Floral Park property after the closing, and planned to complete the renovations and move into the Floral Park property on or before May 1, 2015.
The defendant cross-moved for summary judgment dismissing the complaint and for summary judgment on its counterclaim. In support of the cross motion, the defendant submitted, inter alia, an affidavit from its corporate secretary, Terry Gras, who averred that the defendant is only willing to insure owner-occupied property, with limited exceptions for seasonal or secondary homes. Gras stated that in the rare instance when the defendant insures a seasonal or secondary home, it does not permit "all risk" coverage as in the subject policy, and requires an endorsement limiting liability for mold remediation which was not included in the subject policy. Gras stated that if the plaintiff had disclosed in his application that the Floral Park property would not be owner-occupied as the plaintiff's primary residence until an unknown future date, then the defendant "could not have issued the same policy to Plaintiff."
In an order dated April 24, 2017, the Supreme Court denied both the plaintiff's motion for summary judgment and the defendant's cross motion for summary judgment. Following a jury trial on the issue of liability, the jury returned a verdict in favor of the plaintiff, finding that the defendant failed to establish that the plaintiff misrepresented material facts in his application. Following a jury trial on the issue of damages, the jury returned a verdict finding that the plaintiff was entitled to recover the sum of $300,000 for the defendant's breach of the insurance policy.
On December 8, 2017, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $300,000. Thereafter, the defendant moved pursuant to CPLR 4404(a) to set aside the jury verdicts on the issues of liability and damages and for judgment as a matter of law dismissing the complaint and on its counterclaim, or in the alternative, to set aside the verdicts as contrary to the weight of the evidence and for a new trial. In an order dated February 7, 2018, the Supreme Court denied the defendant's motion. The defendant then moved for leave to reargue and renew its prior motion pursuant to CPLR 4404(a). In an order dated May 10, 2018, the Supreme Court denied that motion. The defendant appeals.
"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d 1023, 1024, quoting Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714; see Insurance Law § 3105[b]). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy [*3]if the correct information had been disclosed in the application" (Caldara v Utica Mut. Ins. Co., 130 AD3d 665, 666 [internal quotation marks omitted]; see Insurance Law § 3105[c]). "'[E]ven innocent misrepresentations, if material, are sufficient to allow an insurer to defeat recovery under the insurance contract'" (Smith v Guardian Life Ins. Co. of Am., 116 AD3d 1031, 1032, quoting Meagher v Executive Life Ins. Co. of N.Y., 200 AD2d 720, 720).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff's application contained misrepresentations that the Floral Park property would be owner-occupied as of April 5, 2015, and that the plaintiff did not own, occupy, or rent any other residence, and that it would not have issued the same policy if the plaintiff's application had disclosed that the insured property would not be occupied by the plaintiff as his primary residence until an unspecified future date (see Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d 1023; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534; Joseph v Interboro Ins. Co., 144 AD3d 1105; Morales v Castlepoint Ins. Co., 125 AD3d 947; Roudneva v Bankers Life Ins. Co. of N.Y., 35 AD3d 580). Although Gras acknowledged at his deposition that the defendant submitted a request for information, without cancelling the policy, after learning from an inspection conducted on April 7, 2015, that the Floral Park property was undergoing renovations and might be vacant, such testimony did not contradict Gras' assertion in his affidavit that the defendant would not have issued the same policy in the first instance if the plaintiff had made accurate representations in his application. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that the subject insurance policy is void ab initio. Since the counterclaim sought a declaratory judgment, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject insurance policy is void ab initio (see Lanza v Wagner, 11 NY2d 317, 334).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court