Tower Ins. Co. of N.Y. v Richardson (2022 NY Slip Op 02378)

Tower Ins. Co. of N.Y. v Richardson

2022 NY Slip Op 02378

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Index No. 152694/16 Appeal No. 15690 Case No. 2020-02545 

[*1]Tower Insurance Company of New York, Plaintiff-Respondent,
v
Fitz Richardson, Defendant-Appellant, Ingrid Crichlow, Defendant.

Alter & Barraro, Brooklyn (Bernard Mitchell Alter of counsel), for appellant.
The Dillion Law Firm, LLP, New York (Thomas Dillion of counsel), for respondent.

Order, Supreme Court, New York County (Alan C. Marin, J.), entered November 8, 2019, which, to the extent appealed from as limited by the briefs, upon renewal,
granted plaintiff's motion for summary judgment declaring that plaintiff does not have a duty to defend or indemnify defendant Fitz Richardson in the underlying personal injury action, unanimously affirmed, without costs.
Plaintiff Tower Insurance Company was properly granted summary judgment declaring it has no obligation to defend or indemnify defendant Richardson in the underlying personal injury action, as the Tower Policy does not cover bodily injury claims stemming from accidents occurring at the premises if it contains more than two family units. As Richardson's premises was undisputedly a three-family dwelling, it was not covered under the insurance policy issued by plaintiff (see Almonte v CastlePoint Ins. Co., 140 AD3d 658 [1st Dept 2016]). The doctrine of equitable estoppel does not apply to bar plaintiff from denying coverage where none exists (QBE Ams., Inc. v ACE Am. Ins. Co., 164 AD3d 1136, 1139 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022