Rodriguez v Mercury Cas. Co. (2022 NY Slip Op 04656)

Rodriguez v Mercury Cas. Co.

2022 NY Slip Op 04656

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-09817
 (Index No. 522183/16)

[*1]Mindalia Rodriguez, appellant, 
v
Mercury Casualty Company, respondent.

The Rybak Firm, PLLC, Brooklyn, NY (Damin J. Toell of counsel), for appellant.
Bruno Gerbino Soriano & Aitken, LLP, Melville, NY (Shaun M. Malone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 9, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured in a hit-and-run motor vehicle accident on March 1, 2015. At the time of the accident, the plaintiff's vehicle was insured by the defendant, Mercury Casualty Company (hereinafter Mercury). The plaintiff commenced this action to recover damages for breach of the insurance policy, alleging that Mercury breached the policy by failing to make payment on her claim under an uninsured motorists endorsement to the policy in connection with the subject accident. Following discovery, Mercury moved, inter alia, for summary judgment dismissing the complaint on the ground that it had no obligation to provide the plaintiff with benefits under the "fraud or misrepresentation" provision of the insurance policy. Specifically, Mercury argued that the plaintiff had made a material misrepresentation on her application for insurance by falsely stating that she resided in New Rochelle and that the subject vehicle would be garaged in that location, when in fact the plaintiff resided and kept the vehicle in Brooklyn. In an order dated July 9, 2019, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
"No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105[b][1]; see Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851; Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d 1023, 1024; Neiditch v William Penn Life Ins. Co. of N.Y., 177 AD3d 754, 755). "'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application'" (Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d at 851, [*2]quoting Caldara v Utica Mut. Ins. Co., 130 AD3d 665, 666; see Insurance Law § 3105[c]; Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d at 1024).
Here, Mercury failed to demonstrate the materiality of the misrepresentation complained of, as a matter of law. Although Mercury submitted an affidavit of an underwriting supervisor who stated that it would have issued the plaintiff a different policy with a higher premium had the plaintiff disclosed her Brooklyn address, the underwriting guidelines submitted by Mercury do not state that it does not insure vehicles kept in Brooklyn or that policies insuring vehicles kept in Brooklyn are assessed a higher premium than those garaged in New Rochelle (see Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d at 851; Parmar v Hermitage Ins. Co., 21 AD3d 538, 540; Di Pippo v Prudential Ins. Co. of Am., 88 AD2d 631). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we do not reach the parties' remaining contentions.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court