Union Mut. Fire Ins. Co. v CMN Props., LLC (2023 NY Slip Op 02706)

Union Mut. Fire Ins. Co. v CMN Props., LLC

2023 NY Slip Op 02706

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-03089
 (Index No. 700566/18)

[*1]Union Mutual Fire Insurance Company, appellant,
v
CMN Properties, LLC, respondent.

Hurwitz & Fine, P.C., Buffalo, NY (Charles J. Englert III, Agnieszka A. Wilewicz, Thomas Casella, and Brian Barnas of counsel), for appellant.
Thomas Torto, New York, NY, for respondent.

DECISION & ORDER
In an action for a judgment declaring that an insurance policy issued by the plaintiff to the defendant is void ab initio and that the plaintiff is not obligated to defend or indemnify the defendant in an underlying action entitled Morales v CMN Properties, LLC, pending in the Supreme Court, Queens County, under Index No. 713113/17, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 25, 2021. The order, insofar as appealed from, upon renewal, in effect, adhered to a prior determination in an order of the same court dated July 16, 2019, denying the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order entered February 25, 2021, is affirmed insofar as appealed from, with costs.
The plaintiff issued a commercial insurance policy to the defendant for premises owned by the defendant. Subsequently, a tenant was injured on the premises (hereinafter the underlying incident) and commenced a personal injury action against the defendant (hereinafter the underlying action). After receiving notice of the underlying incident, the plaintiff undertook an investigation. As part of its investigation, the plaintiff discovered that certain tenants residing at the premises were more than 60 days late on their rental payments at the time the defendant applied for the policy. The plaintiff denied coverage for the underlying incident based upon the defendant's misrepresentation on its application for insurance that there were no tenants at the premises who were more than 60 days late on their rental payments.
Thereafter, the plaintiff commenced this action for a judgment declaring that the policy is void ab initio and that the plaintiff is not obligated to defend or indemnify the defendant in the underlying action. The plaintiff alleged that the defendant's misrepresentation on the insurance application was material as a matter of law, because the plaintiff would not have issued the policy if the defendant had disclosed the truth. The plaintiff moved for summary judgment on the complaint. In an order dated July 16, 2019, the Supreme Court, inter alia, denied the motion.
After additional discovery, the plaintiff moved, in effect, for leave to renew its prior motion for summary judgment on the complaint. In an order entered February 25, 2021, the [*2]Supreme Court, inter alia, granted leave to renew and, upon renewal, in effect, adhered to its prior determination denying the plaintiff's prior motion. The plaintiff appeals.
To establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation (see Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851; Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d 1023, 1024). A misrepresentation is material if the insurer would not have issued the policy had the correct information been disclosed (see Rodriguez v Mercury Cas. Co., 207 AD3d 674, 675; Nabatov v Union Mut. Fire Ins. Co., 203 AD3d 1052, 1054). To establish materiality as a matter of law, an insurer must present clear and substantially uncontradicted documentation concerning its underwriting practice, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that shows that the insurer would not have issued the same policy if the correct information had been disclosed in the application (see Insurance Law § 3105[b][1]; Nabatov v Union Mut. Fire Ins. Co., 203 AD3d at 1054; Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d at 851-852; Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d at 1024). The issue of materiality is generally a question of fact for the jury (see Liang v Progressive Cas. Ins. Co., 172 AD3d 696, 698; Walker v Tighe, 142 AD3d 549, 551; Smith v Guardian Life Ins. Co. of Am., 116 AD3d 1031, 1031).
Here, an affidavit from the chief underwriter of the plaintiff's third-party claims administrator was conclusory and unsupported by the documentary evidence submitted, and was therefore insufficient to establish materiality as a matter of law (see Barkan v New York Schools Ins. Reciprocal, 65 AD3d 1061, 1064; Schirmer v Penkert, 41 AD3d 688, 691; Parmar v Hermitage Ins. Co., 21 AD3d 538, 540-541). The chief underwriter did not identify a written underwriting policy regarding risks with tenants in arrears, nor did he identify any specific applicants with similar histories that were denied coverage (see Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 438). The chief underwriter's deposition testimony was also conclusory and insufficient to establish materiality as a matter of law. Accordingly, the plaintiff failed to eliminate triable issues of fact as to whether the defendant's admitted misrepresentation regarding tenants in arrears constituted a material misrepresentation such that the plaintiff would not have issued the same policy if the correct information had been disclosed in the application. Thus, upon renewal, the Supreme Court properly, in effect, adhered to the prior determination denying the plaintiff's motion for summary judgment on the complaint.
We decline the defendant's request to search the record and award it summary judgment (see Gutnick v Hebrew Free Burial Socy. for the Poor of the City of Brooklyn, 198 AD3d 880, 884; Barrett v A & P Pac. Owner, LLC, 179 AD3d 883, 885).
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court