Estiverne v MIC Gen. Ins. Corp. (2024 NY Slip Op 06327)

Estiverne v MIC Gen. Ins. Corp.

2024 NY Slip Op 06327

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-10584
 (Index No. 512831/21)

[*1]Guilaine C. Estiverne, respondent,
v
MIC General Insurance Corporation, appellant, et al., defendants.

Mound Cotton Wollan & Greengrass LLP, New York, NY (Rachel M. Horzempa Winship and Kevin F. Buckley of counsel), for appellant.
Craig A. Blumberg, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract, the defendant MIC General Insurance Corporation appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated October 31, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant MIC General Insurance Corporation for summary judgment dismissing the complaint insofar as asserted against it is granted.
The defendant MIC General Insurance Corporation (hereinafter MIC) issued a policy insuring the plaintiff and covering certain premises that she owned in Brooklyn (hereinafter the premises). The application submitted to MIC to procure the policy represented that the premises was a two-family dwelling. It is undisputed that the premises was a three-family dwelling.
On October 31, 2020, the premises was damaged by fire. Thereafter, the plaintiff was notified that MIC was disclaiming coverage, inter alia, on the ground that the plaintiff made a material misrepresentation in her application for insurance. The plaintiff commenced this action against MIC, among others, inter alia, to recover damages for breach of the policy. MIC answered and asserted, among other affirmative defenses, that the policy was void ab initio as a result of the plaintiff's material misrepresentation that the premises was a two-family dwelling. MIC moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion. MIC appeals.
"'[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented'" (Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851, quoting Friedman v Otsego Mut. Fire Ins. Co., 179 AD3d 1023, 1024). "'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information [*2]had been disclosed in the application'" (id., quoting Caldara v Utica Mut. Ins. Co., 130 AD3d 665, 666; see Insurance Law § 3105[c]). "'[E]ven innocent misrepresentations, if material, are sufficient to allow an insurer to defeat recovery under the insurance contract'" (Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d at 851, quoting Smith v Guardian Life Ins. Co. of Am., 116 AD3d 1031, 1032 [internal quotation marks omitted]).
Here, MIC demonstrated, prima facie, that the application for insurance contained a misrepresentation regarding whether the premises was a two-family dwelling and that this misrepresentation was material (see Nabatov v Union Mut. Fire Ins. Co., 203 AD3d 1052, 1054; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534, 536; Caldara v Utica Mut. Ins. Co., 130 AD3d at 666). Contrary to the plaintiff's contention, MIC established that the material misrepresentation was attributable to her, since, even if the application for insurance had been submitted without her actual or apparent authority, she ratified the representations contained in the application by accepting the policy for a two-family dwelling (see Morales v Castlepoint Ins. Co., 125 AD3d 947, 948).
In opposition to MIC's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted MIC's motion for summary judgment dismissing the complaint insofar as asserted against it.
MIC's remaining contention need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court